UNITED STATES OF AMERICA,
Plaintiff,

v.

MANUEL JIMENEZ,
a/k/a "MANUEL DE JESUS-JIMENEZ,"
Defendant.

CRIMINAL NO. 16-789 (PAD)

## PLEA AGREEMENT
(Pursuant to Rule 11(c)(1)(B) FRCP)

**TO THE HONORABLE COURT:**

**COMES NOW,** Plaintiff, the United States of America, by and through its attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico, José Capó-Iriarte, Assistant United States Attorney, Chief Criminal Division, Marshal D. Morgan, Assistant United States Attorney, Deputy Chief of the Child Exploitation and Human Trafficking Unit, Elba Gorbea, Assistant United States Attorney for said District, and defendant Manuel Jiménez, a/k/a "Manuel De Jesús-Jiménez," by and through defendant's counsel, Lillian N. Miranda-Rodríguez, Esq., pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

Defendant De Jesús-Jiménez agrees to plead guilty to a One-Count Indictment which charges that on or about December 4, 2016, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendant herein, being an alien previously removed from the United States, subsequent to the conviction of an aggravated felony, did knowingly and

intentionally attempt to enter the United States without having obtained, prior to his re-embarkation at a place outside the United States, the express consent from the Secretary of Homeland Security, to reapply for admission into the United States. All in violation of Title 8, *United States Code*, Section 1326(b)(2).

## 2. MAXIMUM PENALTIES

The maximum penalties for the offense to which the defendant is pleading guilty is a term of imprisonment of not more than twenty (20) years, a fine not greater than two hundred fifty thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years.

## 3. APPLICABILITY OF SENTENCING GUIDELINES

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18, *United States Code*, Section 3551, *et seq.* (hereinafter Guidelines), which are now advisory. Further, the defendant acknowledges being aware that parole has been abolished and the imposition of a sentence may not be suspended.

## 4. SPECIAL MONETARY ASSESSMENT

The Court must further impose a mandatory special monetary assessment of one hundred dollars ($100.00) per count of conviction, which the defendant agrees to pay, to be deposited in the Crime Victim Fund, pursuant to Title 18, *United States Code*, Section 3013(a).

## 5. FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the *Sentencing Guidelines Manual,* order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and the Court may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United

States (OBD Form 500). The United States will make no recommendations as to the imposition of fines or restitution.

### 6. RULE 11(c)(1)(B) WARNINGS

Defendant's sentence is within the sound discretion of the sentencing judge and will be imposed in accordance with the Guidelines (including the *Guidelines Policy Statements, Application, and Background Notes*). The Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which he pleads guilty. If the Court should impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

### 7. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are now advisory, *United States v. Booker*, 125 S.Ct. 738, 744, 160 L.Ed.2d 621 (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for... the applicable category of offense committed by the applicable category of defendant" in imposing sentence. *Booker*, 125 S.Ct. at 744. Therefore, the United States and the defendant submit the following advisory Sentencing Guidelines calculations:



| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE COUNT ONE - Title 8, *United States Code*, Section 1326(b)(2) | |
|---|---|
| BASE OFFENSE LEVEL [U.S.S.G. §2L1.2(a)] | 8 |
| Conviction of a felony offense other than a felony offense in which the total sentence exceeded one year and one month [U.S.S.G. §2L1.2(b)(2)(C)] | +6 |
| Acceptance of Responsibility [U.S.S.G. § 3E1.1] | -2 |
| TOTAL OFFENSE LEVEL (Assuming a CHC I: 10-16 months; CHC II: 12-18 months; CHC III: 15-21 months; CHC IV: 21-27 months) | 12 |

### 8. SENTENCING RECOMMENDATION

After due consideration of the relevant factors enumerated in Title 18, *United States Code*, Section 3553(a), the parties agree to recommend a term of imprisonment within the applicable guideline range determined by the Court, based on a total offense level of 12, when combined with the defendant's criminal history category.

### 9. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the guideline range based on a total offense level of 12, when combined with the defendant's criminal history category as determined by the Court, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 10. NO FURTHER ADJUSTMENTS, DEPARTURES OR VARIANCE

The United States and the defendant agree that no further adjustments, departures or variance sentence under Title 18, *United States Code*, Section 3553 shall be sought by the parties. Should either party request an additional adjustments, departure or variance, it shall constitute grounds for the other party to request a withdrawal from the terms of this plea agreement.



### 11. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties make no stipulation as to defendant's criminal history category.

### 12. IMPACT UPON IMMIGRATION STATUS

Defendant is an alien. Defendant acknowledges that pleading guilty and entering into this plea may have negative effects upon his immigration status with the United States.

13. **SATISFACTION WITH COUNSEL**

The defendant represents to the Court to be satisfied with defendant's counsel, Lillian N. Miranda-Rodríguez, Esq., and indicates that counsel has rendered effective legal assistance.

14. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, Defendant surrenders certain rights as provided in this agreement, which include the following:

a) If defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if defendant, the United States and the judge agree;

b) If a jury trial is conducted, the jury would be composed of twelve (12) lay persons selected at random. Defendant and defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, that it could not convict defendant unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately;

c) If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established defendant's guilt beyond a reasonable doubt;

d) At a trial, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court;

e) At trial, defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from defendant's refusal to testify. If defendant desired to do so, defendant could testify on defendant's own behalf.

## 15. STATEMENT OF FACTS

The parties agree that there is a sufficient basis in fact to support defendant's guilty plea in this case. The parties further agree that the facts contained in the attached government's version of facts are true and correct, and that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 16. JURISDICTIONAL LIMITS OF PLEA AGREEMENT



This plea agreement does not extend to or bind other federal districts, federal civil and/or tax authorities, and/or State or Commonwealth of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

## 17. ENTIRETY OF PLEA AGREEMENTS AND AMENDMENTS

This document constitutes the entire plea agreement between the parties. The parties deny the existence of any other terms and conditions not stated herein. No additional promises, terms or conditions will be entered unless in writing and signed by all parties.

## 18. VOLUNTARINESS OF PLEA

Defendant is entering into this plea agreement without compulsion, threats, or any other promises from the United States Attorney or any of his agents. No threats have been made against defendant. Defendant is pleading guilty freely and voluntarily because defendant is, in fact, guilty.

**RESPECTFULLY SUBMITTED.**

**ROSA EMILIA RODRIGUEZ-VELEZ**
**UNITED STATES ATTORNEY**

_____
**JOSÉ CAPÓ-IRIARTE**
Assistant United States Attorney
Chief, Criminal Division

Dated: 5/15/17

_____
**MANUEL DE JESUS-JIMENEZ**
Defendant

Dated: 5-25-2017

_____
**MARSHAL D. MORGAN**
Assistant United States Attorney
Deputy Chief, Child Exploitation &
Human Trafficking Unit

Dated: 5/12/2017

_____
**LILLIAN N. MIRANDA-RODRIGUEZ**
Counsel for the Defendant

Dated: 5-25-2017

_____
**ELBA GORBEA**
Assistant United States Attorney
Child Exploitation &
Human Trafficking Unit

Dated: 5-12-2017

I have consulted with my counsel and fully understand all my rights with respect to the Information pending against me. Further, I have consulted with my attorney and fully understand my decision to enter a guilty plea in this instant case. In addition, I understand my rights with respect to the provision of the *Sentencing Guidelines, Policy Statements, Application, and Background Notes*, which may apply, in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 5-25-17

**MANUEL DE JESUS-JIMENEZ**
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights with respect to the pending Information against Defendant. Further, I have reviewed the provisions of the *Sentencing Guidelines, Policy Statements, Application, and Background Notes*, and I have fully explained to Defendant the provisions of those guidelines, which may apply in this case. I have carefully reviewed every part this Plea Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all the consequences of Defendant's plea of guilty.

Date: 5-25-2017

**LILLIAN N. MIRANDA-RODRIGUEZ**
Counsel for Defendant

## STATEMENT OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following summary of facts which would have proven beyond a reasonable doubt Defendant's criminal responsibility for Defendant's violation of Title 8, *United States Code*, Section 1326(b)(2):

On December 4, 2016 at approximately 11:00 pm, an aircraft from the Office of Air and Marine (OAM) detected a "yola" type vessel, with several visible occupants on board, near Aguadilla Bay heading southeast towards Puerto Rico.

A United States Coast Guard (USCG) Cutter was vectored to position and, in the early morning of on December 5, 2016, located and intercepted the vessel, at about 17 nautical miles from the coast of Aguadilla, Puerto Rico. All persons on board the vessel claimed to be undocumented aliens from the Dominican Republic and Haiti. Thirty (30) individuals from the Dominican Republic and Haiti were found onboard and their fingerprints were entered into the biometrics system. Biometrics revealed that defendant De Jesús-Jiménez had a previous immigration and criminal history. They were transferred to the U.S. Border Patrol Ramey Station in Aguadilla, Puerto Rico, for processing. Border Patrol Agents advised defendant De Jesús-Jiménez of his rights to legal representation and of his right to speak with the Consul of his native country. Defendant De Jesús-Jiménez admitted being a Dominican Republic National with no legal status in the United States.

Defendant De Jesús-Jiménez further agrees that on or about December 4, 2016, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendant herein, being an alien previously removed from the United States, subsequent to the conviction of an aggravated assault, did knowingly and intentionally attempt to enter the United States without

having obtained, prior to his re-embarkation at a place outside the United States, the express consent from the Secretary of Homeland Security, to reapply for admission into the United States. All in violation of Title 8, *United States Code*, Section 1326(b)(2).

Had the United States proceeded to trial, the government would have presented testimony from law enforcement agents, the defendant's Alien file, expert testimony from an FBI fingerprint analyst, the defendant's statement, certified copies of the defendant's previous judgment and convictions and a certificate of non-existence from USCIS. Full discovery was provided.

**ELBA GORBEA**
Assistant United States Attorney
Dated: 5·12·2017

**LILLIAN N. MIRANDA-RODRIGUEZ**
Counsel for Defendant
Dated: 5-25-2017

**MANUEL DE JESUS-JIMENEZ**
Defendant
Dated: 5-25-17